WILLIAM A. BROWN, JR. & others *vs.* STEPHEN CASTLES.

A general demurrer to a declaration containing three counts, cannot be sustained, if any count is sufficient.

If mortgaged goods are attached, under Rev. Sts. c. 90, § 78, in a suit against the mortgagor, and the mortgagee demands payment of the attaching creditor, knowing that his claim is wholly false, and thereby induces the creditor to abandon his attachment and thus lose his debt, he is liable to such creditor for the damages sustained, in an action for the deceit.

THIS was an action on the case, containing three counts, to which there was a general demurrer. In the court of common pleas the demurrer was overruled, and the defendant appealed to this court. The whole case appears in the opinion.

*T. Wentworth,* for the defendant.

*J. G. Abbott & B. Dean,* for the plaintiffs.

METCALF, J. As this is a demurrer to the whole of the declaration, which contains three counts, if either count is sufficient, the demurrer cannot be sustained, but the plaintiffs are entitled to judgment. *Duke of Bedford* v. *Alcock,* 1 Wils. 252; 1 Saund. 286, *note* (9); 2 Ib. 380, *note* (14). Hence, we need not inquire whether the alleged defect in the first two counts, which is assigned as the second cause of demurrer, renders those counts insufficient; for if the third count is sufficient, the demurrer must be overruled. In deciding upon the sufficiency of that count, we are, in the first place, to ascertain what are the facts therein alleged, which the demurrer admits. And we find them to be these : That the plaintiffs brought an action against James Keating, to recover of him a just claim of $110.30, and attached his goods of the value of $2,000; that the defendant thereupon stated in writing, to the attaching officer, that he had Keating's mortgage on those goods, to secure a debt of $2,584, due from Keating to him, and that he demanded payment of that amount from the officer; that the plaintiffs, believing that statement to be true, and relying upon it, ordered the officer to release and abandon the attachment; that the de-

Brown & others *v.* Castles.

fendant had no valid mortgage on those goods; that Keating owed him nothing, but that his alleged claim on Keating was wholly false and fraudulent, and was made and intended to deceive and cheat the plaintiffs, and cause them to release and abandon their attachment; that the plaintiffs recovered judgment in their action against Keating, and took out execution thereon, which was returned wholly unsatisfied. And the count ends with an averment, that by means of said false and fraudulent statement and demand, made by the defendant, and by reason of the plaintiffs' relying upon and trusting the same, and being deceived and cheated thereby, they have wholly lost their said attachment and debt.

These facts, in our opinion, constitute a legal cause of action against the defendant. By the Rev. Sts. *c.* 90, §§ 78, 79, when mortgaged goods are attached, the attaching creditor, in order to hold his attachment, must pay or tender to the mortgagee the amount due on the mortgage, upon his delivering to such creditor, or to the attaching officer, a written statement of the amount so due, and demanding payment thereof. And if this is not done, it is provided that the attachment shall be dissolved, that the goods shall be restored to the mortgagee, and that the attaching creditor shall be liable to him for the damages which he may have sustained by the attachment. When, therefore, the plaintiffs attached goods of the value of $2,000, and the defendant stated to the officer that they were mortgaged to him to secure $2,584, and demanded payment of that sum, a clear case appeared for abandoning the attachment; and as they did abandon it, relying on that statement, and have thereby sustained damages, the defendant is liable to them for the amount of those damages.

This is an action for a deceit; and Baron Parke says, that all the requisites to support such an action are " the telling an untruth, knowing it to be an untruth, with intent to induce a man to alter his condition, and his altering his condition in consequence, whereby he sustains damage." *Watson* v. *Poulson*, 7 Eng. Law and Eq. Rep. 588. Such, he says, was the decision in *Polhill* v. *Walter*, 3 Barn. & Adol. 114. See also

*Langridge* v. *Levi*, Murph. & Hurlst. 139, and 2 Mees. & Welsb. 531; affirmed in the Exchequer Chamber, Horn & Hurlst. 325, and 4 Mees. & Welsb. 337.   In *Small* v. *Atwood,* Younge, 461, Lord Lyndhurst says : " Where a misrepresentation of a material fact, not within the observation of the opposite party, is made, the person making the misrepresentation, knowing at the time that his statements are untrue, under such circumstances an action. may be maintained at law, for the purpose of recovering a compensation in damages for the injury the party has sustained." And so this and other courts have repeatedly held.   *Lobdell* v. *Baker*, 1 Met. 201, and 3 Met. 472; *Medbury* v. *Watson,* 6 Met. 246; *Monell* v. *Colden,* 13 Johns. 395; *Sandford* v. *Handy,* 23 Wend. 260; *Whitney* v. *Allaire*, 1 Comstock, 305.   This rule is not applied to statements made by sellers, concerning the value of the thing sold, former offers for it, &c., it always having been understood, the world over, that such statements are to be distrusted.   *Multa fidem promissa levant.*   And there are other cases, in which it is held that an action will not lie, when he who sustains damage from a false affirmation might, by ordinary vigilance and attention, have ascertained that the statement on which he acted was false.   See *Harvey* v. *Young*, Yelv. 21; *Baily* v. *Merrell*, 3 Bulst. 94; *Vernon* v. *Keyes*, 4 Taunt. 494, and 12 East, 632; *Moore* v. *Turbeville*, 2 Bibb, 602; *Saunders* v. *Hatterman,* 2 Ired. 32; *Starr* v. *Bennett*, 5 Hill, 303; 2 Leigh's Nisi Prius, 1079.   But this is not such a case.   On the contrary, the facts here were peculiarly, if not exclusively, within the knowledge of the defendant and Keating; and there are numerous adjudged cases, besides those already cited, which are not distinguishable in principle from this.   A few of them are as follows : Actions have been maintained against sellers of estates, for affirming that the rent thereof was more than it actually was, whereby the purchaser was deceived and injured; the value of the rent lying in the private knowledge of the landlord and tenant.   *Elkins* v. *Tresham*, 1 Lev. 102; *Lysney* v. *Selby*, 2 Ld. Raym. 1118. And against the sellers of public houses, for affirming that the profits thereof were more than in fact they were.   *Dobell*

v. *Stevens,* 5 Dowl. & Ryl. 490, 3 Barn. & Cres. 623, and 2 Chit. Pl. (6th Amer. ed.) 688 ; *Pearson* v. *Wheeler,* Ry. & Mood. 303 ; *Bowring* v. *Stevens,* 2 Car. & P. 337 ; *Pilmore* v. *Hood,* 5 Bing. N. R. 97, and Arnold, 390 ; *Hutchinson* v. *Morley,* 7 Scott, 341. And in *Ward* v. *Wiman,* 17 Wend. 193, it was decided that an action lies for a fraudulent representation by a grantor that land sold by him was free and clear of incumbrances. In neither of these cases was the deceit more gross or less easy of detection, than in the present.

The defendant has assigned three causes for this demurrer. The second is out of the case, for a reason already given. The third does not exist; whatever might have been its effect if it had existed. The fact, which is said not to be alleged is necessarily involved in those which are alleged. We have, therefore, only to consider the first cause assigned; which is, as we understand it, that two courses only were left open to the plaintiffs ; namely, either to pay the defendant the sum of $2,584, the amount which he demanded, and then sue him to recover it back, with twelve per cent. interest, under the *Rev.* Sts. *c.* 90, §§ 79, 80, or to disregard his demand, and contest the matter with him in a suit to be brought by him against them or against the officer. But the latter course, not being prescribed by statute, cannot, upon any rule of law known by us, exclude any other common law remedy. And the former course, which the statute authorizes, must be regarded as cumulative and not exclusive, inasmuch as it applies to a deceit which we find to be actionable at common law. 2 Inst. 200 ; 5 Dane Ab. 247 ; *Brown* v. *Chapman,* 3 Bur. 1418; *Wetmore* v. *Tracy,* 14 Wend. 250 ; *Coffin* v. *Field,* 7 Cush. 358.                    *Demurrer overruled.*